The Honorable Gary Biggs State Representative 1220 West Poplar Street Paragould, AR 72450-3501
Dear Representative Biggs:
I am writing in response to your request for my opinion regarding the application of A.C.A. § 26-35-601, which is captioned "Personal taxes to be collected with real estate taxes." You have supplied the following background information:
 There is a difference of opinion regarding the collection of real estate taxes on a parcel of property at the time the ownership of the property is being transferred.
 Some county collectors are requiring the collection of all personal property taxes during a real estate transaction even if (1) the payment of real property taxes is being tendered because of transfer of title and (2) the transferor does not owe delinquent property tax. This position is seemingly supported by the Office of Legislative Audit in Jonesboro.
 However, in 1999 the Legislature through Act 994 added the following subsection to the code section in question:
 Notwithstanding the other provisions of this section, a collector shall accept payment of general real estate taxes on a parcel of property at the time the ownership of the property is being transferred if the taxpayer transferring title to the property has paid all delinquent personal property taxes.
 Therefore it would seem that if there is no delinquent property tax owed, the collector must accept the real estate tax for the transferred parcel of property without having to collect additional personal property tax.
Would you please clear up the confusion over this matter?
RESPONSE
In my opinion, a transferor of property is obligated to pay only delinquent, as opposed to currently due, personal property taxes in conjunction with payment of general real estate taxes upon conveying title to real property.
In the enclosed Ark. Ops. Att'y Gen. Nos. 99-304 and 2000-118, I have twice before addressed the exact question posed in your request. Based on the language you have recited from Act No. 94 of 1999, currently codified at A.C.A. § 26-35-601(c)(3), I offered the following conclusion in the latter of these opinions:
 On its face, [subsection (c)(3)] absolutely requires the collector to accept payment of general real estate taxes so long as delinquent personal property taxes have been paid. Nothing in the statute authorizes the collector to further demand payment of personal property [tax] due but not delinquent. Indeed, in my opinion any such demand would directly contravene the statute, which affords the collector no discretion to refuse payment of general real estate taxes when there is no delinquency in personal property taxes.
I continue to subscribe to this opinion.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosures